# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1149V

|  |  |
|---|---|
| TRACY RAY, | Chief Special Master Corcoran |
| Petitioner, |  |
| v. | Filed: October 8, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Christopher Williams*, Siri & Glimstad LLP, New York, NY, for Petitioner.

*Michael Bliley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On July 26, 2024, Tracy Ray filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on November 3, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 27, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On October 8, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

...

the proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $130,524.74 (representing $122,500.00 for pain and suffering, $5,944.97 for past unreimbursable expenses, and $2,079.77 for past lost earnings) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a). Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                         **s/Brian H. Corcoran**
                                                         Brian H. Corcoran
                                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TRACY RAY, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 24-1149V <br> Chief Special Master Corcoran <br> ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On July 26, 2024, Tracy Ray ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following receipt of an influenza vaccine on November 3, 2022. Petition at 1. On February 24, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on February 27, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 15; ECF No. 16.

I.  **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$122,500.00** in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$5,944.97**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.    <u>Lost Earnings</u>

Evidence supplied by petitioner documents that she incurred lost earnings related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$2,079.77**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

> A lump sum payment of **$130,524.74** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Tracy Ray.
>
> Petitioner is a competent adult. Proof of guardianship is not required in this case.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        GABRIELLE M. FIELDING
        Assistant Director
        Torts Branch, Civil Division

        */s/ Michael S. Bliley*
        MICHAEL S. BLILEY
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, DC 20044-0146
        Tel: (202) 616-4357
        Michael.Bliley@usdoj.gov

Date: October 8, 2025